UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-21 DSF (VBKx) | Date | 6/23/08 |
|---|---|---|---|
| Title | Susan Nourizad v. Carnival Corporation | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Paul D. Pierson | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order GRANTING Defendant's Motion To Dismiss (Docket No. 14) and DENYING Plaintiff's Motion for Leave To File Second Amended Complaint (Docket No. 28)

     This matter is before the Court on Defendant's Motion To Dismiss or Transfer. Defendant seeks dismissal on the basis of a forum selection clause contained in Plaintiff's ticket contract for her cruise with Defendant. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing on Plaintiff's motion set for June 30, 2008 is removed from the Court's calendar. For the reasons discussed below, the Court GRANTS Defendant's motion. As a result of this disposition, the Court DENIES Plaintiff's Motion for Leave To File Second Amended Complaint, set for hearing on June 30, 2008. That hearing is removed from the Court's calendar.

### I.  LEGAL STANDARD

     Federal Rule of Civil Procedure 12(b)(3) permits a defendant to challenge the plaintiff's chosen venue. On such a challenge, the pleadings need not be accepted as true, and the Court may therefore consider supporting affidavits and exhibits. Murphy v. Schneider National, Inc., 362 F.3d 1133, 1137 (9th Cir. 2004) (considering a motion based on a forum selection clause). On a Rule 12(b)(3) motion, "the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party . . . ." Id. at 1138. If the Court decides that the case has been brought in the wrong division or district, the Court "shall dismiss . . . [or]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

transfer such case to any district or division in which it could have been brought." See 28 U.S.C. § 1406.

## II. DISCUSSION

The ticket contract issued to Plaintiff contained the following forum selection clause:

> Except as provided in Clause 12(d), it is agreed by and between the guest and Carnival that all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, including travel to and from the vessel, shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami . . . .

(Decl. of Ileana Diaz in Supp. of Def.'s Mot. To Dismiss Ex. 2 at 12.) As the Supreme Court noted in addressing a nearly identical forum selection clause in a case involving similar claims against the same defendant, the validity of such a clause is determined by admiralty law. Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 590 (1991); see also Archawski v. Hanioti, 350 U.S. 532, 533 (1956) ("A contract for the transportation of passengers is a maritime contract within admiralty jurisdiction.")

Forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). "*Bremen* recognized three circumstances in which enforcement of a forum selection clause may be unreasonable: (1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought." Murphy, 362 F.3d at 1140 (quotations omitted). Plaintiff contends that Carnival's forum selection clause is unreasonable because (1) her physical and financial condition will prohibit her from pursuing litigation in Florida; and (2) California has a strong interest in enforcement of its Consumer Legal Remedies Act ("CLRA").[1]

---

[1] Plaintiff also contends that her CLRA and Unfair Competition Law claims fall outside the scope of the forum selection clause, as they do not involve contract rights and are based in part on conduct that did not occur on the cruise itself. However, Plaintiff's claims – which allege that conditions on the cruise were not as "safe" and "fun" as advertised – are encompassed within the expansive language of the clause, which includes "all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise." As is clear from the following language, "including travel to and from the vessel," the clause

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

### A.  Physical and Financial Limitation

Plaintiff's declaration is insufficient to establish that her physical and financial limitations will prevent her from having her day in court.  Plaintiff states that she fell on her hip after slipping on a wet substance on the floor near the food buffet on Defendant's ship.  (Decl. of Susan Nourizad in Supp. of Opp'n to Carnival's Mot. To Dismiss ¶ 3.)  As a result, she experiences pain in her hip and back and suffers from "post-traumatic anxiety state."  (Id. ¶ 7.)  She contends that her pain would prevent her from sitting for four or five hours in order to fly to Florida, and reveals her fear that she might fall down again if she boards an airplane.  (Id. ¶ 8.)  Even accepting Plaintiff's contentions of fact as true, and drawing all reasonable inferences in Plaintiff's favor, Murphy, 362 F.3d at 1143, Plaintiff's showing is insufficient to meet the "heavy burden" to "clearly show that enforcement would be unreasonable and unjust . . . ."  See Bremen, 407 U.S. at 15, 17.  Plaintiff's conclusory opinion that she could not sit long enough to fly to Florida is both unsupported by facts and irrelevant, as one need not sit continuously in order to fly.  Also, Plaintiff does not contend that her fear of falling on an airplane is sufficient to actually prevent her from ever flying again.  In any event, Plaintiff does not establish that she could not travel by an alternate mode of transportation.

Plaintiff's declaration contains no facts regarding her financial condition, instead listing the costs of litigating in Florida.  (Nourizad Decl. ¶ 9.)  Thus, Plaintiff has not demonstrated that the costs of litigation will deprive her of her day in court.

### B.  California Public Policy

Plaintiff initially contends that Defendant's forum selection clause is invalid, relying heavily on California case law hostile to foreign selection clauses that deprive plaintiffs of non-waivable rights under the CLRA.  See Am. Online, Inc. v. Super. Ct., 90 Cal. App. 4th 1 (2001).   However, the validity of the forum selection clause is determined by federal admiralty law, not California law.[2]  Shute, 499 U.S.  at 590.  Under federal law, forum selection clauses have been upheld despite depriving plaintiffs of non-waivable statutory rights.  Richards v. Lloyd's of London, 135 F.3d 1289, 1293 (9th Cir. 1998).

---

was intended to include conduct that does not occur on-board ship.

[2]  Plaintiff's reliance on Nagrampa v. MailCoups, Inc., 469 F.3d 1257, 1285-87 (9th Cir. 2006), is thus misplaced.  Nagrampa considered whether a forum selection clause included in an arbitration provision could be invalid under California law if it diminished a plaintiff's rights under the CLRA.  Id. at 2189.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Plaintiff also contends that enforcement of the forum selection clause would contravene strong California public policy supporting the enforcement of the CLRA. The central focus of this case is Plaintiff's allegation of negligence regarding her fall on-board Defendant's ship. Her CLRA claim centers on the contention that Defendant advertised a "safe" and "fun" cruise, but that conditions around the buffet table were not "safe," and Plaintiff did not have "fun" when she fell. (First Am. Compl. 22; Nourizad Decl. ¶ 10.) Plaintiff has not demonstrated that such allegations sufficiently implicate California's public policy of consumer protection so as to render enforcement of the forum selection clause unreasonable, particularly as the Florida court may apply California law or equivalent consumer protection laws of that state.

### C.  Dismissal vs. Transfer

If the Court decides that the case has been brought in the wrong division or district, the Court "shall dismiss . . . [or] transfer such case to any district or division in which it could have been brought." See 28 U.S.C. § 1406. As Plaintiff indicates she is likely unwilling to pursue litigation in Florida (Nourizad Decl. ¶ 8), the Court dismisses this action without prejudice.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion To Dismiss. The Court DENIES Plaintiff's Motion for Leave To File Second Amended Complaint as moot.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

dp